DISSENT
KETHLEDGE, Circuit Judge,
dissenting.
The majority today extends to shoebox-es a degree of Fourth Amendment protection that our court has previously afforded to luggage. I agree that our precedents permit this extension, but I do not think they compel it. I dissent because I think the extension unwise.
The apartment’s tenant here gave consent for the officers to search it. I think that consent ought to be effective as to an unsecured container on the premises, absent a clear indication that some other person exclusively controls the container. Luggage might routinely meet that test, but shoeboxes I think should not, absent some unusual circumstance not present here. It should take more than a shoebox to vitiate a resident’s consent to search the premises.
I am not alone in this general view. Writing for the court in United States v. Melgar, 227 F.3d 1038 (7th Cir.2000), Judge Wood observed:
In a sense, the real question for closed container searches is which way the risk of uncertainty should run. Is such a search permissible only if the police have positive knowledge that the closed container is also under the authority of the person who originally consented to the search (Melgar’s view), or is it permissible if the police do not have reliable information that the container is not under the authorizer’s control. We are not *686 aware of any case that has taken the strict view represented by the first of these possibilities.
Id. at 1041 (emphasis in original). Judge Wood chose the second approach, observing that “[a] contrary rule would impose an impossible burden on the police. It would mean that they could never search closed containers within a dwelling (including hotel rooms) without asking the person whose consent is being given ex ante about every item they might encounter.” Id. at 1042 (emphasis in original). I too would follow Judge Wood’s second approach. Our court today follows something much like the first.
The circuits are split on this issue. In addition to the Seventh Circuit, the Second has followed more or less the rule I advocate here. See United States v. Snype, 441 F.3d 119, 136 (2d Cir.2006) (upholding search of defendant’s knapsack, because the apartment owner’s “open-ended consent would permit the search and seizure of any items found in the apartment with the exception of those obviously belonging to another person” (internal quotation marks omitted)). Even our court has come out the other way in another shoebox case that I think materially indistinguishable from this one. See United States v. Cork, 18 Fed.Appx. 376, 383 (6th Cir.2001). Cases in still other circuits are admittedly to the contrary. To my knowledge, the Supreme Court has never decided specifically the extent to which a resident’s consent to search her premises is effective as to containers within it. The result has been appreciable entropy among the circuits.
I respectfully dissent.